# Exhibit D


Brian J. Brandstetter
Assistant General Counsel
bbrandstetter@wentwood.com
Direct Dial: 817-349-7345

July 5, 2017

VIA CERTIFIED MAIL

Mr. John J. Wimmer
Centennial Partners, LLC
5300 S. 108th Street, Suite 1
Hales Corners, WI 53130-1331

Re: **Centennial LLC (the "Company")**
 **Centennial Partners, LLC (the "Managing Member")**
 **ORC Tax Credit Fund 10, LLC (the "Investor Limited Member")**
 **SCDC, LLC (the "Special Limited Member")**

Dear Mr. Wimmer:

I write on behalf of the Investor Limited Member and the Special Limited Member of the Company. The Company is governed by the Amended and Restated Operating Agreement dated as of August 1, 2000 (the "Operating Agreement"). ORC Tax Credit Fund 10, LLC is the Investor Limited Member of the Company, and Centennial Partners, LLC is the Managing Member of the Company. Capitalized terms used herein and not defined shall have the meaning set forth in the Operating Agreement.

Section 6.5 (H) of the Operating Agreement provides that, "[i]f requested to do so by the Special Limited Member at any time after the expiration of the Compliance Period (the "Offering Period"), the Managing Members shall offer the Property for sale." The Compliance Period has ended. Accordingly, the Special Limited Member hereby requests the Managing Member to offer the Property for sale and engage a broker with broad experience in marketing low income housing projects such as the Property, and that the Property be marketed for sale in a commercially reasonable manner. We can provide you with the names of some brokers we have dealt with in the past who have such experience.

Please note that Section 6.5 (H) also provides that, "[i]f such a sale shall not be approved by the Members and consummated within one year after the Special Limited Member so requests",

and, "[i]f the Special Limited Member elects not to extend the Offering Period, then Cash Flow (after payment of the Base Management Fee, Asset Management Fee, and repayment of any loans made by the Limited Members) will be shared equally between the Managing Members and the Investor Limited Member", as opposed to the current 80% - 20% split in favor of the Managing Member.

The provisions of Section 6.5 (H) are separate and independent of the Managing Member's option to acquire the Interests of the Limited Members. Further, the option purchase price, which is the Fair Market Value of the Limited Members' Interests, must take into account the rights the Limited Members have under Section 6.5 (G) and Section 6.5 (H) of the Operating Agreement. These sections provide for a sale of the Property if requested by the Special Limited Member, which would result in a substantial payment to the Investor Limited Member.

Please let us know when you have engaged a broker to market the Property, and provide us with a copy of the engagement agreement.

If you have any questions, please contact me.

Sincerely,

Brian J. Brandstetter

cc: Nixon Peabody LLP; Attn: Robert H. Adkins, P.C.
Reinhart. Boerner, Van Dueren, Norris & Reiselbach, S.C.; Attn: William Cummings, Esq.